Slip Op. 10 - 32

UNITED STATES COURT OF INTERNATIONAL TRADE

```
- - - - - - - - - - - - - - - - - - -x
MITTAL STEEL POINT LISAS LIMITED,    :

                    Plaintiff,       :

          v.                         :
                                        Court No. 02-00756
UNITED STATES,                       : Before: Senior Judge
                                                Aquilino
                    Defendant,       :
     -and-
                                     :
GERDAU AMERISTEEL CORP. et al.,
                                     :
               Intervenor-Defendants.
- - - - - - - - - - - - - - - - - - -x
```

ORDER

The U.S. Court of Appeals for the Federal Circuit ("CAFC") having misread this court's opinion herein sub nom. Caribbean Ispat Ltd. v. United States, 29 CIT 329, 366 F.Supp.2d 1300 (2005), to the effect that it "prohibited" the defendant International Trade Commission ("ITC") from "considering the effects of LTFV imports of non-CBERA countries when it assessed imports from Trinidad and Tobago" [Caribbean Ispat Ltd. v. United States, 450 F.3d 1336, 1341 (Fed.Cir. 2006)] and having thereupon vacated this court's judgment of dismissal and remanded the matter for the ITC to "make a specific causation determination and in that connection . . . directly address

Court No. 02-00756                                                    Page 2

whether [other LTFV imports and/or fairly traded imports] would have replaced [Trinidad and Tobago's] imports without any beneficial effect on domestic producers", id., quoting from Bratsk Aluminum Smelter v. United States, 444 F.3d 1369, 1373 (Fed.Cir. 2006); and this court having entered an order of remand *in haec verba*, 30 CIT 1519 (2006); and the ITC in compliance with that order having determined that an industry in the United States is not materially injured or threatened with material injury by reason of imports of certain wire rod from Trinidad and Tobago that is sold in the United States at less than fair value; and this court having affirmed that determination sub nom. Mittal Steel Point Lisas Ltd. v. United States, 31 CIT 1041, 495 F.Supp.2d 1374 (2007), and entered an amended final judgment of dismissal; and the intervenor-defendants having appealed therefrom and induced the CAFC to opine, among other things, Mittal Steel Point Lisas Ltd. v. United States, 542 F.3d 867, 877 (Fed.Cir. 2008), that it does

> not regard the decision in *Bratsk* as requiring the Commission to presume that producers of non-subject goods would have replaced the subject goods if the subject goods had been removed from the market. Although we stated there, and reaffirm here, that the Commission has the responsibility to consider the causal relation between the subject imports and the injury to the domestic injury, that responsibility does not translate into a presumption of replacement without benefit to the domestic industry[]

and also that the "problem may stem from a lack of sufficient clarity in [its] prior opinion", 542 F.3d at 879; and the CAFC having determined to vacate yet again this court's judgment of dismissal, notwithstanding the ITC's "scrupulous attention to the terms of this court's remand instructions", id., and remand the matter yet again "for further consideration of the material injury issue in light of [it]s opinion" and also "for further proceedings with respect to the threat of material injury", id.; and the mandate of the CAFC having issued in regard thereto; and the Clerk of this court having reopened this matter on March 24, 2010; Now therefore, after due deliberation, it is

ORDERED that this matter be, and it hereby is, remanded to the defendant International Trade Commission, which may have until June 25, 2010 to attempt to comply with the CAFC's reasoning, as set forth in its foregoing, more recent opinion, and to report to this court any results of this mandated remand; and it is further hereby

ORDERED that the other parties hereto have until July 30, 2010 to file comments on any such results.

Dated:  New York, New York
        March 29, 2010

                                    /s/ Thomas J. Aquilino, Jr.
                                           Senior Judge

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                        Deputy Clerk