Slip Op. 10 - 97

<u>SECOND AMENDED JUDGMENT</u>

UNITED STATES COURT OF INTERNATIONAL TRADE

Thomas J. Aquilino, Jr., Senior Judge

```
- - - - - - - - - - - - - - - - - - x
MITTAL STEEL POINT LISAS LIMITED,    :

                       Plaintiff,    :

            v.                       :
                                        Court No. 02-00756
UNITED STATES,                       :

                       Defendant.    :
- - - - - - - - - - - - - - - - - - x
```

The court having entered a judgment of dismissal of this action pursuant to slip opinion 05-37, 29 CIT 329, 366 F.Supp.2d 1300 (2005); and the plaintiff having prosecuted an appeal therefrom; and the U.S. Court of Appeals for the Federal Circuit ("CAFC") having decided <u>sub</u> <u>nom</u>. <u>Caribbean Ispat Ltd. v. United States</u>, 450 F.3d 1336 (2006), to vacate that judgment of dismissal and remand this matter; and this court in slip opinion 06-151, 30 CIT 1519 (2006), having read the mandate of the CAFC to require remand to the U.S. International Trade Commission ("ITC") to

> "make a specific causation determination and in that
> connection . . . directly address whether [other LTFV
> imports and/or fairly traded imports] would have
> replaced [Trinidad and Tobago's] imports without any
> beneficial effect on domestic producers",

quoting 450 F.3d at 1341, quoting <u>Bratsk Aluminum Smelter v. United States</u>, 444 F.3d 1369, 1375 (Fed.Cir. 2006); and this court having entered an order of remand *in haec verba*; and the ITC in compliance with that order having determined that an industry in the United States is not materially injured or threatened with material injury by reason of imports of certain wire rod from Trinidad and Tobago that are sold in the United States at less than fair value; and this court having affirmed that determination <u>sub</u> <u>nom</u>. <u>Mittal Steel Point Lisas Ltd. v. United States</u>, 31 CIT 1041, 495 F.Supp.2d 1374 (2007), and entered an amended final judgment of affirmance; and the intervenor-defendants having appealed therefrom and induced the CAFC to opine, among other things, <u>Mittal Steel Point Lisas Ltd. v. United States</u>, 542 F.3d 867, 877 (Fed.Cir. 2008), that it does

> not regard the decision in *Bratsk* as requiring the Commission to presume that producers of non-subject goods would have replaced the subject goods if the subject goods had been removed from the market. Although we stated there, and reaffirm here, that the Commission has the responsibility to consider the causal relation between the subject imports and the injury to the domestic industry, that responsibility does not translate into a presumption of replacement without benefit to the domestic industry[;]

and the CAFC having determined to vacate this court's amended final judgment, notwithstanding the ITC's "scrupulous attention

to the terms of this court's remand instructions", 542 F.3d at 879, and remand the matter yet again "for further consideration of the material injury issue in light of [it]s opinion" and also "for further proceedings with respect to the threat of material injury", id.; and this court pursuant to the mandate of the CAFC having in slip opinion 10-32, 34 CIT ___ (March 29, 2010), remanded to the ITC to attempt to comply with the CAFC's reasoning, as set forth in its foregoing, more recent opinion, and to report to this court any results of this mandated remand; and the defendant in compliance with the court's latest order of remand having on June 25, 2010 filed the Views of the Commission now to the effect that

> an industry in the United States is materially injured by reason of imports of wire rod from Trinidad and Tobago that are sold in the United States at less than fair value [;]

and all parties having been afforded an opportunity to comment on said Views; and no party having interposed an objection thereto;  Now therefore, after due deliberation, it is

ORDERED, ADJUDGED and DECREED that the view of certain members of the ITC filed herein on June 25, 2010 that an industry in the United States is materially injured by reason of imports of wire rod from Trinidad and Tobago that are sold in

Court No. 02-00756                                    Page 4

the United States at less than fair value be, it hereby is,

affirmed; and it is further

          ORDERED, ADJUDGED and DECREED that this action again

be, and it hereby is, finally dismissed.

Dated:  New York, New York
        August 30, 2010

                              /s/ Thomas J. Aquilino, Jr.
                                     Senior Judge

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court


Date: _____        By: _____
                                              Deputy Clerk